[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought by a daughter against her mother claiming misuse of a certain custodial bank account by the mother in which the mother was the custodian and the daughter was the beneficiary. The plaintiff alleges five counts in her Amended Complaint. The first count is fraud; the second is theft; the third is embezzlement; the fourth is conversion; and the fifth is breach of a fiduciary duty. On trial and at the close of the plaintiff's case, the defendant made a motion for dismissal for failure to make out a prime facie case. After a hearing thereon the court ruled that the first, second, third and fourth counts were to be dismissed on the ground that the plaintiff had failed to make out a prima facie case. With respect to the fifth count the court denied the motion to dismiss.
In her complaint plaintiff seeks the recovery of a certain Certificate of Deposit held in trust for her by her mother, the defendant. She maintains that the funds of the Certificate of Deposit were placed into an account under the Uniform Gifts to Minors Act (UGMA); that said account became the property of the daughter and that the defendant used the account for a personal obligation, that is payment of the daughter's support for which she was liable under a divorce decree, and thus a violation of UGMA and therefore a breach of a fiduciary duty.
The defendant maintains that the standard of care of a custodian under UGMA is not that of a fiduciary, that the custodian is not a fiduciary, that the defendant abided by the provisions of General Statutes §45a-558i; that she kept the property separate; that she kept records of all transactions, and that she paid the money over for the benefit of the daughter. The defendant also maintains that no evidence was produced as to any damages.
The court finds that the defendant and her former husband, the father of the plaintiff, were divorced on January 23, 1997. Prior to the divorce, i.e. on February 15, 1995, they entered into a Pendente Lite
CT Page 14006
Agreement providing "The C, D, passbook, currently in the possession of the plaintiff for monies held in trust for the said minor child shall be turned over to the defendant by Friday, February 23, 1995 and the proceeds of said CD shall be rolled-over to another CD account. Neither parties (sic) shall withdraw the funds in said account, pendente lite." Defendant rolled this money over into another CD at American Savings Bank under the UGMA with herself as custodian and the daughter as the beneficiary. On or about the same day as the divorce decree, the defendant transferred this money into a checking account at the American Savings Bank and from that time until June 19, 1998, she paid out $150.00 every two weeks for the support of the daughter. Under the divorce decree, the defendant was ordered to pay $75 a week for the support of her daughter.
In placing the money from the CD into the custodial account she gave title to the funds to the daughter subject to her right to use the funds for the benefit of the daughter, General Statutes Section 45a-558k (a). However, under Subsection (c) of that section "A payment . . . under this section is in addition to, and not in substitution for, and does not affect any obligation of a person to support the minor." While the complaint refers to the Certificate of Deposit being held in trust for the benefit of the plaintiff, both parties recognized that the CD had actually been converted into a custodial account under the UGMA.
In the opinion of this Court the defendant violated her fiduciary duty as custodian under the UGMA when she spent the money in the custodial account for the support of her daughter thus engaging in self dealing by a fiduciary.
Despite the protestations of the defendant, a custodian acting in a custodial capacity, is a fiduciary. § 45a-558j. This section provides for the powers of a custodian and states "—, but a custodian may exercise those rights, powers and authority in the custodian's fiduciary capacity only." (Emphasis added). In the case of Dietter v. Dietter,54 Conn. App. 481 (1999) 488, the Appellate Court stated: "Our law on the obligations of a fiduciary is well-settled. . . . Once a (fiduciary) relationship is found to exist, the burden of proving fair dealing properly shifts to the fiduciary. . . . Furthermore, the standard of proof for establishing fair dealing is not the ordinary standard of fair preponderance of the evidence, but requires proof either by clear and convincing evidence, clear and satisfactory evidence or clear, convincing and unequivocal evidence" citing Murphy v. Wakelee, 247 Conn. 396. InMurphy v. Wakelee, our Supreme Court ruled that the trial court would not be required to provide a burden-shifting instruction in the absence of an assertion that the defendant had engaged in fraud or self-dealing. In
CT Page 14007
this case the plaintiff in her Complaint did accuse the defendant of self-dealing and in subparagraph 11 she maintains that the defendant has taken the money for herself and defrauded her. The defendant offers practically no contrary evidence to rebut the evidence offered by the plaintiff and failed completely to meet her burden of proof.
As to the defendant's argument that no evidence was produced as to damages the Court must take issue. It is quite evident throughout the entire Complaint and the evidence that the amount of damages alleged is the sum of the money in the account which was $4,130.70 at the time the self dealing began.
Judgment may enter for the plaintiff in the amount of $4,130.70 with costs and interest from February 14, 1997 until the date of this judgment. The amount of the interest thus calculated shall be reduced by the total amount of interest earned on the checking account from February 14, 1997 (as shown on Exhibit 4) to the date of this judgment.
 ___________________ Hale, JTR
CT Page 14008